IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Zhiwu Zheng, <br><br> Plaintiffs, <br><br> v. <br><br> The Partnerships and Unincorporated Associations Identified on Schedule A, <br><br> Defendants. | Case No. 1:24-cv-10814 <br><br> Judge: Hon. Jeffrey I Cummings <br><br> Magistrate Judge: Hon. Beth W. Jantz |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Plaintiff Zhiwu Zheng (the "Plaintiff") submits the following memorandum in support of its Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against the defendants ("Defaulting Defendants") identified on Schedule A attached to Plaintiff's Affidavit ("Zheng Affidavit" Exhibit A).

**STATEMENT OF FACTS**

This action has been filed by Plaintiff to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by offering for sale and/or selling unauthorized and unlicensed counterfeit products. As alleged in Plaintiff's Complaint, Defendants are advertising, distributing, offering for sale, and selling unauthorized and unlicensed products ("Infringing Products"), specifically "Magnetic Base for a Mobile Phone Support," with the exact design which infringes Plaintiff's United States Design Patent No. D944,787 S ("the 'D787 Patent"). Defendants have engaged in this unlawful conduct through at least the fully interactive, e-

1

commerce stores operating under the seller aliases identified in Schedule A to the Complaint.

Plaintiff filed this action on October 20, 2024 [Dkt. # 1], this Court granted Plaintiff's *Ex Parte* Motion for alternative service by emails and for expedited discovery (the "Order") [Dkt. #6] 0n October 30, 2024.

The online platforms provided email addresses for some of the Defendants on Schedule A to the Complaint and these Defendants are shown in Schedule A attached to Zheng Affidavit and were properly served on March 21, 2025. None of the Defaulting Defendants have filed an answer or otherwise pled in this Action as of today, April 22, 2025.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Plaintiff now moves this Court for an Order entering default and default judgment finding that Defaulting Defendants are liable on all counts of Plaintiff's Complaint. Fed. R. Civ. P. 55(a) and (b)(2). Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling unauthorized Infringing Products, and an Order that all assets in Defaulting Defendants' financial accounts, including those operated by Amazon, as well as any newly discovered assets, be transferred to Plaintiff.

## ARGUMENT

### I. JURISDICTION AND VENUE ARE PROPER IN THIS COURT

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of 35 U.S.C. § 101 *et seq.*, 28 U.S.C. §§ 1338(a), and 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(c)(3) and this Court may properly exercise personal jurisdiction over Defaulting Defendants since each of the Defaulting Defendants directly targets business activities toward consumers in the United States, including in the State of Illinois and this District, through at least the fully interactive e-commerce stores operating under the seller

aliases and e-commerce stores' URLs identified in Schedule A attached to the Zheng Affidavit. Moreover, Defaulting Defendants have targeted sales to residents in this District and elsewhere in State of Illinois State by organizing and operating e-commerce stores on Amazon.com that target United States consumers using one or more Seller Aliases, offering shipping to the United States, including to purchasers in State of Illinois, accepting payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, have sold products using infringing and counterfeit versions of Plaintiff's federally registered design patent to residents of State of Illinois. Each of the Defendants is committing tortious acts in the State of Illinois. Alternatively, Defendants are subject to personal jurisdiction of this Court under Rule 4(k)(2) for their violations of the federal patent laws.

## II. PLAINTIFF HAS FULFILLED THE REQUIREMENTS FOR ENTRY OF DEFAULT

Pursuant to Fed. R. Civ. P. 55(a), "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Despite having been properly served with process, the Defaulting Defendants have not filed an answer or otherwise pled in this action. Upon information and belief, the Defaulting Defendants are neither infants, active-duty members of the U.S. armed forces, nor incompetent persons. Plaintiff hereby requests entry of default against the Defaulting Defendants.

## III. THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT ARE MET

Fed. R. Civ. P. 55(b)(2) provides the procedural basis for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in plaintiff's complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). Upon entry of default, the factual allegations of the well-

pleaded complaint are taken as true and are not subject to challenge, and the defendants are liable as a matter of law on each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

As noted above, Plaintiff served Defendants on March 21, 2025 and the answer deadline has passed and no answer or other responsive pleading has been filed by any of the Defaulting Defendants. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate, and consistent with previous similar cases in front of this Court. Plaintiff requests an award of attorney's fees for willful patent infringement against each of the Defaulting Defendants. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Infringing Products, and that all assets in Defaulting Defendants' financial accounts, including those operated by Amazon, Walmart, Temu, and Aliexpress and any newly identified accounts be transferred to Plaintiff.

Given that the Defaulting Defendants have failed to answer or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment with respect to the sole Count for Design Patent infringement against the Defaulting Defendants for damages pursuant to 35 U.S.C. § 289 and 35 U.S.C. § 284 with an award of attorney's fees. The Plaintiff includes his affidavit on damages as to each Defaulting Defendants (see Schedule A attached to the Zheng Affidavit).

V.    **PLAINTIFF IS ENTITLED TO PERMANENT INJUNCTIVE RELIEF**

In addition to the foregoing relief, Plaintiff respectfully requests entry of a permanent injunction:

4

1) That Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily preliminarily, and permanently enjoined and restrained from:

    a. using the 'D787 Patent or any reproductions, infringing copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any products that are not genuine products from the Plaintiff or are not authorized by Plaintiff;

    b. passing off, inducing, or enabling others to sell or pass off any products as genuine products covered by the 'D787 Patent or any other products produced by Plaintiff that are not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale;

    c. committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the 'D787 Patent and damaging Plaintiff's goodwill; and

    e. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any Patented Design of Plaintiff, or any reproductions, infringing copies, or colorable imitations thereof;

2) That Defendants, within fourteen (14) days after service of judgment with notice of entry

thereof upon them, be required to filed with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with paragraph 1, a through e, above;

3) Entry of an Order that, at Plaintiff's choosing, the host of Defendants e-commerce stores, including, but not limited to, Amazon shall disable the Defendant's e-commerce stores and make them inactive and untransferable;

4) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as Amazon, web hosts for the Defendants' domain names, and domain name registrars, shall:

   a. disable and cease providing services for any accounts through which Defendants engage in the sale of magnetic bases for mobile phone support which infringe the 'D787 Patent, including any accounts associated with the Defaulting Defendants listed in Schedule A attached to the Zheng Affidavit;

   b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Infringing Products; and

   c. take all steps necessary to prevent links to the Defendants' e-commerce stores identified in Schedule A attached to the Zheng Affidavit from displaying in search results, including, but not limited to, removing links to the Defendants' e-commerce stores from any search index.

5) That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of the 'D787 Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

6

6) In the alternative, that Plaintiff be awarded all lost profits from Defaulting Defendants' infringement of the 'D787 Patent pursuant to 35 U.S.C. § 289;

7) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

Award any and all other relief that this Court deems just and equitable.

## CONCLUSION

Plaintiff respectfully requests that the Court enter default and default judgment against each Defaulting Defendant, award costs and attorney's fees, and enter a permanent injunction order prohibiting Defaulting Defendants from selling Infringing Products, and transferring all assets in Defaulting Defendants' financial accounts, including those operated by each online platform, to Plaintiff.

Dated: April 22, 2025			Respectfully submitted,

			 /s/Lance Liu
			Lance Liu, Esq.
			15 Minuteman Circle
			Southbury, CT 06488
			(203)706-9536
			Lanceliu2000@Gmail.com
			Attorney for Plaintiff

## CERTIFICATE OF SERVICE

    I hereby certify that on April 22, 2025, a copy of the foregoing document was filed electronically through the Court's CM/ECF NextGen system with notice of filing automatically sent electronically to counsel of record.

Dated: April 22, 2025          By:     /s/Lance Liu
                                                        Lance Liu, Esq.
                                                        15 Minuteman Circle
                                                        Southbury, CT 06488
                                                        (203)706-9536
                                                        lanceliu2000@gmail.com